**MCI TELECOMMUNICATIONS CORPORATION, Plaintiff,**

v.

**MATRIX COMMUNICATIONS CORPORATION, Defendant.**

**Civil Action No. 96–11975–PBS.**

United States District Court, D. Massachusetts.

March 27, 1997.

---

Louis J. Scerra, Jr., Gary R. Greenburg, Mark A. Berthiaume, Goldstein & Manello, P.C., Boston, MA, for Plaintiff.

John D. Hanify, David L. Evans, Boston, MA, Joseph F. Cortellini, Hanify & King, Boston, MA, for Defendant.

## MEMORANDUM AND ORDER

SARIS, District Judge.

Matrix Communication Corporation ("Matrix") has filed a motion under Fed.R.Civ.P. 60(b) to relieve it from the final judgment that was entered by this court (Harrington, D.J.) on October 10, 1996, compelling arbitra-

tion of the dispute between the parties. (*See* Docket 6). After hearing, the motion is ***DENIED.***

█ Matrix premises its Rule 60(b)(2) motion on "newly discovered evidence" in the form of a "concealed side agreement" between plaintiff MCI Telecommunications Corporation ("MCI") and the appointed arbitration service, J.A.M.S./Endispute ("JAMS"). To prevail, it must demonstrate that it could not have discovered this agreement with due diligence exercised in time to move for a new trial or judgment under Rule 59(b). See *Hoult v. Hoult,* 57 F.3d 1, 5–6 (1st Cir.1995) (holding that Rule 60(b)(2) was aimed at correcting erroneous judgments based on unobtainability of evidence). MCI argues that Matrix had the opportunity to conduct discovery into the relationship between MCI and JAMS, but failed to do so. At oral argument, Matrix agreed that it is commonplace to have corporate sponsored arbitration, and that the Tariff named JAMS as the administrator of the MCI arbitrations. If it were concerned about the details of the administration of the MCI–JAMS contract, it had the opportunity to conduct discovery. Accordingly, Matrix fails the due diligence test.

█ Moreover, Matrix's motion flunks the materiality test. The burden is on the party presenting the new evidence to demonstrate that the missing evidence was of such a material and controlling nature that it would probably have changed the outcome. *Kettenbach v. Demoulas,* 901 F.Supp. 486, 497 (D.Mass.1995). As it concedes, Matrix has no evidence which would cast doubt on the impartiality of the arbitrator selected by JAMS—an experienced, retired judge on the Superior Court. 9 U.S.C. 10(2). *See Hunt v. Mobil Oil Corp.,* 654 F.Supp. 1487, 1498–1499 (S.D.N.Y.1987) (requiring a showing of "evident partiality" to vacate arbitrator's award).

Rather Matrix's primary argument is that it would not have consented to arbitration if it had known that the JAMS–MCI agreement expressly precluded the arbitrator from making findings of fact and conclusions of law. (*See* Section XII–E). While that prohi-

bition does not appear in MCI Tariff FCC No. 1, which is silent on the point, the MCI–JAMS Agreement expressly provides that to the extent there is a difference the Tariff trumps the Agreement. (JAMS Agreement at 2, § 10A). Matrix also argues that the Agreement authorizes ex parte communications between MCI and JAMS and "perks" that would undermine the partiality of JAMS. However, those communications are between the contract administrator and MCI, not the arbitrator. Accordingly, Matrix has not disclosed anything in the MCI–JAMS Agreement which would have been material to the decision to enter into an arbitration agreement.[1]

█ Finally, in order to prevail under Fed.R.Civ.P. 60(b)(3), Matrix must demonstrate "misconduct—like fraud or misrepresentation—by clear and convincing evidence, and must then show that the misconduct foreclosed full and fair preparation or presentation of its case." *Anderson v. Cryovac, Inc.,* 862 F.2d 910, 923 (1st Cir.1988), *cert. denied,* 498 U.S. 891, 111 S.Ct. 233, 112 L.Ed.2d 193 (1990). The mere fact that MCI failed to disclose the Agreement is not clear and convincing evidence of fraudulent or nefarious intent. Even if MCI should have produced the agreement as part of its automatic disclosure or discovery obligations under Fed.R.Civ.P. 26, in the absence of evidence of malicious or improper intent, Matrix must demonstrate that the non-disclosure substantially interfered with the ability to present its case to Judge Harrington. This Court concludes, based on the current record, that at best, the agreement is of "marginal relevance" to the primary issue before Judge Harrington—the application of the arbitration clause in paragraph 22 to this dispute. *Anderson,* 862 F.2d at 924; *See* Orders dated September 27, 1996 and October 10, 1996. Thus, even if the nondisclosure amounted to accidental "misconduct" or nonfeasance, Matrix has not shown substantial interference to justify allowing a motion pursuant to Rule 60(b)(3).

---

1. In any event, the arbitrator has agreed to make findings of fact and conclusions of law.